Melinda **LUITHLE** and Orin W. Reiser, Co-Administrators of the Estate of Jack Luithle, Deceased, Plaintiffs/Appellants,

v.

Jake **TAVERNA** et al., Defendants/Appellees.

Civ. No. 8835.

Supreme Court of North Dakota.

Oct. 30, 1973.

Rehearing Denied Jan. 31, 1974.

John C. Haugland of Duffy & Haugland, Devils Lake, and Letnes & Marshall, Grand Forks, for plaintiffs and appellants.

James H. Williams of Mattson, Williams & Hovey, New Rockford, for defendants and appellees Jake Taverna and Jarold Frazer.

Floyd B. Sperry of Sperry & Schultz, Bismarck, for defendants and appellees William H. Block and Howard Golly, d.b.a. Minot Livestock Auction.

Richard H. McGee of McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee Swift & Co.

KNUDSON, Judge.

Jack Luithle brought this action for the recovery of damages for losses sustained to his herd of cattle by the introduction of a disease, leptospirosis, which he claims came from 31 head of cattle infected with the disease brought to his feedlot from the yards of the Minot Livestock Auction and purchased by Jack Taverna and Jarold Frazer for Swift & Company to fill out a contract between Luithle and Swift & Company for the feeding of 500 cattle. Subsequent to the bringing of the action, the plaintiff, Luithle, died, and Melinda Luithle and Orin W. Reiser, co-administrators of the estate, were substituted as party plaintiffs.

Swift & Company cross-claimed against Jack Taverna and Jarold Frazer and Minot Livestock Auction to recover from the cross-defendants any amount that may be adjudged due from Swift & Company to the plaintiff.

The several defendants filed separate motions for summary judgment under Rule 56, North Dakota Rules of Civil Procedure, upon the pleadings, depositions, and answers to interrogatories, together with the affidavits and exhibits filed in support of said motions, on the ground that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law.

The trial court ordered a summary judgment in favor of each defendant dismissing the complaint of the plaintiff, Luithle. The plaintiff has appealed from each of the summary judgments.

The defendants, Swift & Company and Jack Taverna and Jarold Frazer, in oral argument before this court, orally moved for a dismissal of the appeals by the plaintiff on the ground that this court lacks jurisdiction to hear the appeals because of the absence of the certificate or order of the trial court required under Rule 54(b), N.D.R.Civ.P., in an action involving multiple claims or multiple parties. These defendants contend that the summary judgments in favor of these defendants, being interlocutory without the Rule 54(b) certificate or order, are unappealable.

The trial court did not make an express determination that there was no just reason for delay and did not make an express direction for the entry of judgment, required by Rule 54(b) when multiple claims or multiple parties are involved, with respect to the summary judgments in favor of Swift & Company and Jake Taverna and Jarold Frazer. However, such determination and direction was made by the trial court in the order for summary judgment in favor of Minot Livestock Auction.

In this case the trial court granted a summary judgment in favor of each of the defendants dismissing the plaintiff's claim against each of the defendants. The trial court made no adjudication of the cross-claim of Swift & Company against Taverna, Frazer and the Minot Livestock Auction, who were codefendants with Swift & Company in the main action. In granting summary judgment in favor of Swift & Company and all of the other defendants dismissing the plaintiff's complaint, the trial court disposed of the claim of the plaintiff, and there was no occasion, therefore, for any further action to render the judgments final under Rule 54(b). General Time Corp. v. Padua Alarm Systems, 199 F.2d 351 (2d Cir. 1952), cited in Howze v. Arrow Transportation Co., 280

F.2d 403 (5th Cir. 1960). Rule 54(b) has no application when all of the claims have been adjudicated as to all of the parties. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2656, pp. 44, 45.

Rule 54(b) of the North Dakota Rules of Civil Procedure provides:

*Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

We are of the opinion that no further action was necessary by the trial court as to the cross-claim of Swift & Company against the other defendants. Any contingent liability that Taverna, Frazer and Minot Livestock Auction had to Swift & Company under the cross-claim was conditioned and dependent on the success of the plaintiff's claim against Swift & Company. Swift & Company's cross-claim for indemnity against Taverna, Frazer and Minot Livestock Auction is so completely incidental to and dependent upon the principal claim that there can be no recovery upon the cross-claim unless the plaintiff prevails on the principal claim against Swift & Company.

It has been held that a third-party claim "is so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff shall prevail on the principal claim." Panichella v. Pennsylvania Railroad Company, 252 F.2d 452, 455 (3d Cir. 1958). Similarly, Swift & Company's right to recover under the cross-claim would not mature until there had been a judgment entered against Swift & Company in favor of Luithle on the principal claim.

By the dismissal of the plaintiff's claim against Swift & Company by the summary judgment in favor of Swift & Company the cross-claim has become moot. This being so, a 54(b) certificate or order would be fruitless and unnecessary. The trial judge having disposed of the claim of the plaintiff against all of the several defendants by a summary judgment issued to each of the defendants dismissing the complaints of the plaintiff, there is nothing further left for adjudication, and the summary judgments are final and therefore are appealable.

We therefore deny the motions to dismiss the appeals from the summary judgments to Swift & Company and to Taverna and Frazer. We hold the judgments appealed from constitute final judgments from which an appeal lies.

We will now consider the plaintiff's appeals from the summary judgments to determine whether this was a proper case for the entry of the summary judgments.

The plaintiff assigned a specification of error that the trial court erred in granting summary judgments in favor of the several defendants dismissing the plaintiff's complaint for the reason that there are present genuine issues of material fact properly triable by a jury or by the trial court. The granting of summary judgments depends upon whether or not any genuine issue of material fact exists. Rule 56(c), N.D.R.Civ.P.

In this case the court granted summary judgments in favor of the several defendants dismissing the complaint of the plaintiff, saying, in effect, that:

1. General allegations of negligence lack substance and support.

2. Non-negligence, sufficient and uncontroverted, was established by the defendant.

3. The record negates the probability that evidence calling for a different result might be developed in the traditional manner by trial to the court or jury.

■ Under N.D.R.Civ.P. Rule 56(c), the moving party is entitled to summary judgment if it appears that there is no genuine issue as to any material fact and that movant is entitled to a judgment as a matter of law. Wolff v. Light, 156 N.W. 2d 175 (N.D.1968). See citations listed therein. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.D.R.Civ.P. Rule 56(c).

■ In cases involving issues of negligence, contributory negligence, assumption of risk and proximate cause, where the standard of the reasonable man must be applied to conflicting testimony, and even where there is no dispute as to the facts, where inferences may be reasonably drawn from the evidence that indicate the presence of a genuine issue of fact, summary judgment should not be granted, but these issues should be tried in the usual manner. Wolff v. Light, *supra*.

Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation. 3 Barron &

Holtzoff, Federal Practice and Procedure (Rules ed.) § 1232.1, p. 106.

Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man. Accordingly, motions for summary judgment where such issues were involved have usually been denied. Wolff v. Light, *supra*; Miller v. Miller, 373 Mich. 519, 129 N.W.2d 885 (1964).

Issues of negligence, contributory negligence and proximate cause are ordinarily to be tried by the jury or the court in the usual manner, and such issues should not be determined in summary judgment proceedings. Wolff v. Light, *supra*; Titus v. Titus, 154 N.W.2d 391 (N.D.1967); Miller v. Miller, *supra*.

■ Under North Dakota Rules of Civil Procedure, Rule 56, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and the party opposing the motion will be given all favorable inferences which may be reasonably drawn from the evidence. Wolff v. Light, *supra*.

In 10 Wright & Miller, Federal Practice and Procedure: Civil § 2729, p. 559, the text writer says:

Although a motion for summary judgment under Rule 56 may be made in any civil action, it is not commonly interposed, and even less frequently granted, in negligence actions. . . .

It is not surprising that summary judgment is seldom sought or granted in negligence actions. Judge and jury each have a specialized function in negligence actions and particular deference has been accorded the jury in this class of cases in light of its supposedly unique competence in applying the reasonable man standard to a given fact situation. . . .

The language used by courts in denying summary judgment in negligence ac-

tions often is strong. The remarks of Chief Judge Parker in Pierce v. Ford Motor Company [190 F.2d 910 (4th Cir. 1951), cert. denied 72 S.Ct. 178, 342 U.S. 887, 96 L.Ed. 666], are typical:

It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented.

Nevertheless, it would be wrong to assume that summary judgment is never appropriate in negligence actions. A summary judgment motion in favor of defendant should be granted in those cases in which there is no genuine issue as to any fact that is crucial to plaintiff's cause of action so that as a matter of law he cannot recover. Thus, a judgment under Rule 56 has been found appropriate when plaintiff has named a party as a defendant on the basis of a master-servant or agency relationship that in fact does not exist. [Citing Littleton v. Mardigan, 458 F.2d 251 (7th Cir. 1972)].

And, also, the text writer in Wright & Miller, Federal Practice and Procedure: Civil § 2725, p. 513, says:

A judge ruling on a motion for summary judgment cannot summarily try the facts; his role is limited to applying the law to the facts that have been established by the litigants' papers. Therefore, a party moving for summary judgment is not entitled to a judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.

This is true even though both parties move for summary judgment. Therefore, if the evidence presented on the motion is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper.

A summary of the facts is necessary to determine whether or not there is a genuine issue of material fact that ought to be presented to the jury or to the trial court, or whether the trial judge properly granted the summary judgments.

The plaintiff, Luithle, the operator of a cattle feeding lot of his ranch near Washburn, North Dakota, on December 15, 1966, entered into a written contract with Swift & Company for the feeding of 500 calves to be delivered by Swift to Luithle on or before January 1, 1967. The title to the calves was to remain in Swift at all times during the feeding period of not less than 60 days nor more than 200 days. Luithle was to pay all expenses to feed, care for and handle the calves, except Swift was to furnish grub spray and blackleg vaccine. Death loss was to be shared equally by Swift and Luithle, except that calves killed by acts of God should be stood fully by Swift. Swift agreed to pay Luithle at a rate of $21.00 per cwt. for the first 300 pounds of gain, and $23.00 per cwt. for the balance of the gain in weight. Luithle had the right to use his own free will, judgment and discretion as to the manner of performance of the contract, without any right on the part of Swift to direct or control. The contract was amended on July 5, 1967, to extend the feeding period from 200 days to 320 days.

Swift employed Jake Taverna, a licensed livestock dealer, to purchase the cattle and have them delivered to the Luithle feedlot. By December 9th, 460 head had been purchased and delivered by Taverna to the Luithle feedlot. Taverna had purchased these calves at various cattle sales auction rings at Minot, Rugby, Harvey, Turtle Lake, Carrington, and Devils Lake. To fill out the order of 500 head, Taverna, on

Friday, December 9, 1966, purchased from Jarold Frazer, also a licensed livestock dealer, 31 steer calves which Frazer had purchased at the Minot Livestock Auction on Wednesday, December 7, on speculation, and which had been left in the Minot Livestock Auction stockyard for several days as he was not ready to move them. Taverna made arrangements with Clark Trucking to deliver the 31 steer calves to the Luithle feedlot, and also 9 heifer calves purchased on Monday, December 12, at the Turtle Lake Livestock Auction by Taverna. Either late in the evening of December 12, 1966, or early in the morning on December 13, 1966, the 9 heifer calves and 31 steer calves were delivered by Clark Trucking to Luithle's feedlot. No health certificate accompanied the delivery of the cattle from Minot Livestock. Mrs. Luithle signed the receipt for the calves. Luithle, in his deposition, testified that he placed the 31 steer calves in a separate pen apart from the 9 heifer calves and from the other cattle in the feedlot, and that between December 13 and December 30 he noticed that the 31 steer calves were sick. He called a veterinarian who, on December 31, diagnosed the illness as leptospirosis (a highly contagious kidney infection). There is a dispute of facts as to which feeder calves were sick, as the veterinarian did not identify by brand or otherwise the feeder calves treated. Luithle had all of the cattle vaccinated on January 1 and 2, 1967.

It is disputed whether Luithle informed Taverna and one E. L. Mitchell, a Swift representative, of the illness of the steer calves during that time. However, it appears that Taverna and Mitchell were notified at some time of the illness of the steer calves and they came to the feedlot to look at the calves. It is disputed whether they gave Luithle any assurances that Swift would make good the losses that resulted from the illness. Luithle lost 54 steer calves and 12 heifer calves by death from the disease between December 12, 1966, and February 1967. He also lost 12 calves due to abortion caused by the mother cows becoming infected by the disease.

Taverna had worked for Swift for 21 or 22 years on a salary and left the employment of Swift in 1962. After leaving Swift he made purchases of cattle for Swift and other customers, including Central Commission Co., Fargo, and Butts feedlot at Carrington, as a licensed livestock dealer, and was paid on a commission basis. Taverna would bill Swift for the cost of the cattle, for his commission, and for the trucking. When paid by Swift he would pay the various livestock markets for the cattle. After each purchase of a group of cattle Taverna would submit invoices for these cattle to Mitchell, Swift's agent, for approval and payment. Taverna had to get the approval and acceptance of the cattle by Mitchell before they could be delivered to Luithle. It was Taverna's understanding that he was to check the feedlots periodically for Swift that "everything was all right." He said that it was expected of him.

Luithle also had on the ranch 198 head of stock cows (106) and feeder cattle (92) of his own, and 430 head of feeder cattle for Reidel, in addition to the Swift feeder cattle. The Reidel feeder calves had been purchased at various livestock auction markets at Bismarck, Minot and Dickinson and delivered to the Luithle feedlot during the same period as the Swift feeder cattle, the last delivered about the middle of December. His 92 feeder cattle were purchased at various livestock auction markets at Turtle Lake, Bismarck, and Mandan.

It is contended that the 92 head of cattle purchased for the plaintiff at various cattle sale auctions at about the same time were infected with the disease and were commingled with the 31 steers and 9 heifers and precludes the plaintiff from recovering any damages.

■ From the foregoing review of the record, it appears that there are genuine issues of material fact as to: (1) the source of the disease that infected and caused the death of several cattle; (2) as to the agency, if any, that may have existed between Swift, as the principal, and

Taverna, as the agent; (3) as to the condition of the cattle delivered to the Luithle feedlot; and (4) as to the negligence, if any, of the defendants; which should be developed by testimony at a full trial in the regular manner before a jury or the trier of the facts.

The defendant Minot Livestock Auction argues that the affidavit of the plaintiff's counsel does not meet the requirement of Rule 56(e) that no witness or party signed that affidavit, or a similar one, setting out real facts or evidence.

Rule 56(e) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■■ The affidavit of the counsel for the plaintiff in resistance of the motions for summary judgment is made on information and belief, and therefore does not comply with Rule 56(e) which provides that when affidavits are used to support or oppose a summary judgment motion, they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." However, the erroneous admission or exclusion of an affidavit that does not meet the Rule 56(e) standard does not require the reversal of a summary judgment if the error is harmless. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2738, pp. 683, 684.

However, in the instant case there were filed in support of the motions for summary judgments various affidavits by the defendants, answers by the plaintiff to interrogatories of the defendants, depositions by Jake Taverna, Jarold Frazer, and the plaintiff, taken by the attorney for Swift & Company. These affidavits, interrogatories and depositions filed by the defendants in this case do not establish the absence of a genuine issue of material fact.

■ In Rice v. Chrysler Motors Corporation, 198 N.W.2d 247 (N.D.1972), at syllabus paragraph 1, we said that the failure of the adverse party to respond by filing affidavits or other proof as required by Rule 56(e) does not authorize the entry of summary judgment when the proof submitted in support of the motion indicate the presence of a genuine issue of material fact, in the following language:

Failure of the adverse party in a summary judgment proceeding to respond by filing affidavits or other proof as required by Rule 56(e), N.D.R.Civ.P., does not authorize the entry of summary judgment against him when the proof submitted in support of the motion by the moving party indicates the presence of a genuine issue of material fact.

We believe the response of plaintiff in answer to interrogatories submitted to him discloses sufficient facts showing that there is a genuine issue for trial.

The summary judgments are reversed and the cause remanded for trial in the district court.

ERICKSTAD, C. J., and PAULSON, TEIGEN and VOGEL, JJ., concur.

VOGEL, J., not being a member of the Court at the time of submission of this case participated on the briefs filed.