Ray WOCK, Plaintiff/Appellant,

v.

John KUHN and Burlington Northern, Inc., a corporation, Defendants/Appellees.

Civ. No. 8999.

Supreme Court of North Dakota.

June 28, 1974.

Rehearing Denied Aug. 26, 1974.

Greenwood, Moench & Galloway, Dickinson, for plaintiff/appellant.

Conmy, Feste & Bossart, Fargo, for defendant/appellee Burlington Northern, Inc.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant/appellee John Kuhn.

KNUDSON, Judge.

This is an appeal from a summary judgment rendered by the Stark County District Court, which judgment dismissed the complaint in this action with prejudice.

The plaintiff, Ray Wock (hereinafter Wock), and the defendant, John Kuhn (hereinafter Kuhn), were involved in a

motor vehicle accident on March 3, 1969. Wock claimed injuries resulted from this accident in the form of a sore neck. On or about May 8, 1969, Wock signed a release in the presence of two employees of a vehicle garage where his damaged truck had been repaired. Wock claims that the release was in blank and that the employees said he must sign the release in order to get his truck returned to him. The two garage employees had no independent recollection of whether the release was fully completed when it was signed. Wock claims the name of the defendant, Kuhn, was filled in later by Kuhn's insurance company, which insurance company was also Wock's insurer.

At the time he signed the release, Wock got two checks from his insurer; Wock thought the insurer was acting in his interests at the time, and not in the interest of Kuhn. One of the checks was for $1,570.85 for the repair of the truck; the other check for $300 was for Wock. Wock's wife said, by affidavit, that the $300 was for down time of the truck.

Apparently Wock's sore neck persisted and affected his ability to carry on his farming operations. As a result, he commenced an action against Kuhn by serving a complaint on him, dated January 28, 1971, which alleged that Kuhn's negligence caused Wock's injuries. Kuhn answered Wock's complaint and set out defenses that he, Kuhn, was not negligent in his driving and that Wock had signed the release discussed previously. Wock, by an amended complaint dated November 22, 1971, brought Burlington Northern, Inc., into the action as a defendant and alleged that Burlington Northern's negligence in the maintenance of its tracks caused damage to the braking system of Kuhn's vehicle and prevented its stopping before colliding with Wock's vehicle. Burlington Northern answered and denied any negligence on its part.

By motion dated March 13, 1972, Kuhn moved the district court to dismiss the case or grant summary judgment dismissing the case, said motion being based on the release signed by Wock. By judgment dated November 15, 1973, the district court granted summary judgment in favor of Kuhn, dismissing Wock's complaint.

Wock appeals from the summary judgment and asserts that there are genuine issues of material fact to be decided and that Kuhn was not entitled to a summary judgment.

Kuhn contends that Wock is prevented from bringing this action due to the release and that he has not complied with the relevant statutes in order to rescind the release.

The remedy for rescission can be brought under two statutes in North Dakota. Those statutes are §§ 9–08–09 and 9–09–04, North Dakota Century Code. Those statutes read:

> "Any person sustaining personal injuries, or in case of his death, his personal representative, may elect at any time within six months after the date of such injury to avoid any settlement, adjustment, or contract made in connection therewith within the time mentioned in section 9–08–08, by a notice in writing to that effect, the bringing of an action to recover damages for such injuries shall avoid any such settlement or adjustment. Whenever an action shall be commenced within the period of time herein limited to recover such damages, the amount received by the injured person, or his representative, in case of his decease, in any such settlement or adjustment shall not be a bar to the prosecution of the action but may be set up as an offset or counterclaim to the amount of damages recoverable, if any, or applied toward payment of any judgment recovered in any such action if such amount so received by the injured person or his representative has not been pleaded specifically as an offset or counterclaim." Section 9–08–09, N.D.C.C.

"Rescission, when not effected by consent or pursuant to sections 9–08–08 and 9–08–09, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"1. He must rescind promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and

"2. He must restore to the other party everything of value which he has received from him under the contract or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

Section 9–09–04, N.D.C.C.

We agree that the remedy under § 9–08–09, N.D.C.C., is not available to Wock because of the time limitation therein; however, we believe that Wock can bring his case under § 9–09–04, N.D.C.C.

■ In Mitzel v. Schatz, 175 N.W.2d 659 (N.D.1970), we held, in syllabus 5:

"Sections 9–08–08 and 9–08–09, N.D.C.C. provide a remedy in addition to the provisions of Section 9–09–04, N.D.C.C., and accordingly an action brought under Section 9–09–04, N.D.C.C. is subject only to the statute of limitations contained in Section 28–01–16."

Section 28–01–16, N.D.C.C., provides a six-year statute of limitations in cases of this kind, and Wock has brought his action well within that time period.

The *Mitzel* case, *supra,* involved a motor vehicle accident wherein Mitzel signed a release which released Schatz from "any and all known and unknown actions, causes of actions, claims, demands, damages, costs, loss of services, expenses, compensation, rights of contribution and all consequent damages on account or in any way growing out of any and all known and unknown personal injuries and property damage" arising from said accident. 175 N.W. 2d at 661.

In the instant case, the release signed by Wock released Kuhn "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property," which result from the accident in question.

In the *Mitzel* case, *supra,* Mitzel included in his complaint a statement that he rescinded the release contract on the ground of mutual mistake and fraud and offered to restore the consideration he received in return for the release. In the instant case, Wock's complaint contained no similar statement; however, in Wock's affidavit in resistance to Kuhn's motion for summary judgment he stated that he repudiated the release he signed on the ground of fraud, saying he was tricked and deceived into signing it in blank and that he did not believe he was releasing Kuhn from liability.

Our civil rule 56(c) provides in part:

"[Summary] Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. . . ."

In addition, Rule 56(e), N.D.R.Civ.P., provides, in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . ."

We are of the opinion that Wock's repudiation contained in his affidavit is equivalent to the rescission in the complaint in *Mitzel,* and this qualifies as a rescission under § 9–09–04, N.D.C.C. Thus, because under Rule 56, N.D.R.Civ.P., the trial court considers affidavits, as well as the pleadings, in order to find whether there is a genuine issue for trial.

We deal now with the only remaining problem, and that is the requirement of § 9–09–04, N.D.C.C., quoted above, that there be a return of or an offer to return the consideration received under the contract in order to rescind, unless the other party is unable or positively refuses to return the consideration he received. In this case we may assume that the insurance company and Kuhn positively refused to cancel the release, since Kuhn has answered the complaint in this case and set up the release as a defense. However, we need not rely on this assumption to deal with the issue of the offer to return the consideration.

In her affidavit, Garnet Wock, wife of the plaintiff Wock, averred that she was with Wock when he picked up his truck from the garage where it was repaired and that agents of the garage had told Wock that he was signing the release form only so that the garage would be paid and that the checks were for the repair work done on the truck and for "down time" involved with the truck. From this affidavit it is asserted that Wock received nothing for personal injury but only compensation for repair to the truck and "down time" involved with it. If this was true, it was not necessary for Wock to offer to return any consideration for personal injury since he received nothing for personal injury.

Further, in Mitzel v. Schatz, *supra,* we quoted from our early case of Swan v. Great Northern Ry. Co., 40 N.D. 258, 168 N.W. 657, 658, L.R.A.1918F, 1063 (1918), with respect to the exception to the rule that consideration must be restored when seeking to rescind a contract. We quoted, at page 667 of 175 N.W.2d, as follows:

" 'Thus, it has been held that the consideration need not be returned in order to effect a rescission and entitle the defrauded party to maintain an action upon the original claim: (1) Where a tender would have been useless, or where the thing is utterly worthless; (2) where there may be a severance of one part of the contract, in which event a partial rescission is sometimes allowed in the interests of justice; * * *.' "

With respect to partial rescission of a contract, we quoted with approval from American Jurisprudence 2d, at 668 of 175 N.W.2d, as follows:

" '*On the other hand, a partial rescission may be allowed where the contract is a divisible one and the ground of rescission relates merely to 'a severable part thereof.* Moreover, even aside from rights of partial rescission in cases of actual severability, instances occur in which partial rescission is allowed. The cases in which this has been allowed do not lend themselves to satisfactory abstract statement and rest largely upon their peculiar facts. It may, however, be said that a right of partial rescission may sometimes be upheld simply because under the peculiar circumstances it is essential to a just result. [Emphasis added.]' 17 Am.Jur.2d, Contracts § 488 (1964)."

In Mitzel v. Schatz, *supra,* we held the release contract to be severable as to personal injury and property damage. We are of the opinion that the same is true of the release contract in the instant case. This means that the personal injuries claimed by Wock are a separate part of the contract of release that he signed. We have determined above that he has met all the requirements of rescission of a contract under § 9–09–04, N.D.C.C. We now decide that Wock has rescinded the part of the release contract dealing with personal

injuries, on the ground of fraud. The issue of fraud is raised by Wock's deposition and by his affidavits, which state that he was told by agents of the repair garage that he was not releasing Kuhn but only allowing the garage to get paid, that he thought his insurance company was acting in his interests instead of Kuhn's, that the release was blank when he signed it, and that he never intended to release Kuhn.

It is our conclusion that the trial court erred in granting summary judgment. Accordingly, the summary judgment entered by the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and TEIGEN, VOGEL and PAULSON, JJ., concur.