2015 ND 274

**Debbie ROOKS, Successor Trustee of the Ruby M. Robb Living Trust, Plaintiff and Appellee**

v.

**David C. ROBB, Defendant and Appellant.**

**No. 20150047.**

Supreme Court of North Dakota.

Dec. 1, 2015.

Abby T. Siewert, Williston, ND, for plaintiff and appellee; submitted on brief.

David C. Robb, self-represented, San Jose, CA, defendant and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1]  David Robb appeals from a district court judgment denying his motion for summary judgment, partially granting Debbie Rooks' motion for summary judgment, and dismissing the remainder of Rooks' claims without prejudice.  Because we conclude the district court erred when it found there was no genuine dispute of material fact, we reverse and remand.

I

[¶ 2]  Between May 2002 and September 2004, David Robb received multiple loans from his mother, Ruby Robb.  On September 13, 2004, Ruby Robb created a living trust identified as the Ruby M. Robb Living Trust ("Trust"), and she named American State Bank as the trustee.  On October 24, 2004, David Robb signed a promissory note made payable to Ruby M. Robb.  The amount payable was $121,500.00, and the note did not contain a due date or repayment schedule.  David Robb made a number of payments on the note; he made these payments payable to the Trust.  However, he stopped making payments after American State Bank ceased administering the Trust.  Debbie Rooks, David Robb's sister, became the successor trustee.

[¶ 3]  On January 26, 2013, Rooks, in her capacity as trustee, served a complaint on David Robb to recover the amount due on the note David Robb signed, as well as an additional note that he did not sign.  Rooks ultimately voluntarily dismissed her claim based on the unsigned note.  Both parties moved for summary judgment.  In support of Rooks' motion, she filed an affidavit made by the vice president and trust manager of American State Bank that alleged the note was assigned to the Trust.  She filed this affidavit because the schedule of trust assets had been lost, and there was no record evidencing the assignment of the note to the Trust.  At the hearing on the cross-motions for summary judgment, David Robb argued the Trust

did not have standing to sue because Rooks did not present evidence sufficient to show the Trust owned the note. The court found the trust manager's affidavit was sufficient to establish the note had been transferred to the Trust.

[¶ 4] The court found there were no genuine issues of fact and the note was payable on demand as a matter of law. Robb appeals the district court's order awarding summary judgment in favor of Rooks.

## II

[¶ 5] Robb raises three issues on appeal. He argues: (1) the district court erred when it granted summary judgment because the court's ruling was based on an affidavit that was conclusory and not made on personal knowledge, (2) there was a genuine issue of material fact regarding whether the note was transferred to the Trust, and (3) the district court's finding that the note was payable on demand was erroneous.

[¶ 6] "Whether summary judgment was proper is a question of law that we review de novo on the record.... On appeal, we view the evidence in the light most favorable to the party opposing the motion." *Tarnavsky v. Rankin,* 2009 ND 149, ¶ 7, 771 N.W.2d 578 (citations omitted).

## III

[¶ 7] Robb argues the district court erred when it found the trust officer's affidavit established the note was transferred to the Trust because the affidavit does not assert personal knowledge of the facts attested to, and its allegations are conclusory. Under N.D.R.Civ.P. 56(e), an affidavit supporting a motion for summary judgment

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

In *McColl Farms, LLC v. Pflaum,* the district court dismissed a conversion claim upon the defendant's motion for summary judgment. 2013 ND 169, ¶ 27, 837 N.W.2d 359. In making its ruling, the court excluded the plaintiffs' attorney's affidavit, which contained information regarding the defendant's banking activities. *Id.* at ¶ 4. The district court excluded the affidavit because it found the affidavit was not based on personal knowledge. *Id.* at ¶ 5. This Court upheld the district court's summary judgment ruling, stating: "An attorney's affidavit made on information and belief, and not personal knowledge, does not comply with N.D.R.Civ.P. 56(e). An attorney's affidavit is not a substitute for the party's personal knowledge and is admissible only to prove facts that are within the attorney's personal knowledge and to which he is competent to testify." *Id.* at ¶ 31 (citations omitted).

[¶ 8] In the case at hand, the trust manager's affidavit states in whole:

1. That she is the Vice President and Trust Manager of American State Bank & Trust Company of Williston, North Dakota.

2. That from its creation on September 13, 2004 to December 10, 2012, American State Bank & Trust Company served as Trustee of the Ruby M. Robb Living Trust.

3. That a certain Promissory Note, attached hereto as Exhibit A, dated October 24, 2004 and signed by David C. Robb, in the amount of $121,500.00 plus interest of 6% (six

percent) per annum, for the benefit of Ruby M. Robb, was assigned by said Ruby M. Robb to the Ruby M. Robb Living Trust, thereby becoming an asset of said Trust.

The affidavit alleges the note was assigned to the Trust, but it does not state any facts evidencing the trust manager's personal knowledge of the transfer. Aside from stating the affiant was the vice president and trust manager of the bank that administered the Trust, the affidavit does not establish that the affiant had any involvement with the Trust. Affidavits in support of summary judgment must be made on personal knowledge and set forth facts that are admissible in evidence. N.D.R.Civ.P. 56(e). *See also* N.D.R.Ev. 602. "Affidavits containing conclusory allegations on an essential element of a claim are insufficient to raise a genuine issue of material fact." *Perius v. Nodak Mut. Ins. Co.*, 2010 ND 80, ¶ 18, 782 N.W.2d 355. Consequently, we conclude the district court erred when it found the trust manager's affidavit established the note was transferred to the Trust.

### IV

[¶ 9] Robb also argues the district court erred when it found that, because he did not present any evidence to counter Rooks' allegation the note was transferred, there was no genuine dispute of material fact.

[¶ 10] Summary judgment is appropriate when "there is no dispute as to either the material facts or the inferences to be drawn from the undisputed facts, or whenever only a question of law is involved." *First Nat'l Bank v. Clark*, 332 N.W.2d 264, 267 (N.D.1983). "Under North Dakota Rules of Civil Procedure, Rule 56, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and the

party opposing the motion will be given all favorable inferences which may be reasonably drawn from the evidence." *Luithle v. Taverna*, 214 N.W.2d 117, 121 (N.D.1973). "The party resisting the motion may not simply rely upon the pleadings ... but must present competent admissible evidence ... and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact." *Swenson v. Raumin*, 1998 ND 150, ¶ 9, 583 N.W.2d 102 (citing *Kummer v. City of Fargo*, 516 N.W.2d 294, 297 (N.D. 1994)).

[¶ 11] When a party has the burden of proving or disproving a fact for which there is no evidence—for example, proving that something did not happen—the party is not required to proffer evidence. Rather, the party may merely point to the absence of evidence. *Black v. Abex Corp.*, 1999 ND 236, ¶ 19, 603 N.W.2d 182. We have discussed this issue—the difficulty of proving a negative—while explaining the often-cited *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> The Supreme Court's holding [in *Celotex*] is a recognition of the difficulty of proving a negative. If the record, after discovery, contains no evidence to support an essential element of the plaintiff's claim, there is no "evidence" the defendant can point to in support of its assertion there is no such evidence. In such a case the rule allows the defendant to put the plaintiff to its proof, without the necessity of a full trial, by merely "pointing out" to the trial court the absence of evidence to support the plaintiff's case.

*Black*, at ¶ 19.

[¶ 12] Similarly, we have instructed trial courts not to grant summary judgment merely because a non-moving party has failed to respond to a factual allegation;

rather, courts must only grant summary judgment when it is proper: "The rule does not authorize the entry of a summary judgment merely because the adverse party fails to respond by filing proof in opposition unless it is appropriate to do so." *Rice v. Chrysler Motors Corp.*, 198 N.W.2d 247, 252 (N.D.1972). When a non-moving party fails to respond with contradictory evidence, "the movant is not relieved of the burden to show there is no trial issue of any material fact...." *Id.* The movant still has the burden of "clearly" demonstrating there is no factual dispute. *Id.* at 253.

[¶ 13] The following colloquy took place during the hearing on the parties' motions for summary judgment:

THE COURT: All right. Mr. Robb. I told you I'd give you another chance to respond.

MR. ROBB: Yes. The affidavit to which the Plaintiff refers does not state any personal knowledge by Laurie Peterson that—and there was no trust attachment as the Plaintiff has said. In any case, the trust was formed before the note, and there would have to be, as I understand it, a separate assignment to put any additional material into the trust. They have not produced any sort of documentation of any assignment....

. . . .

THE COURT: ... I don't think that there is anything we could learn at trial that we don't know already, or that at least would make any difference. There might be some issues that are contested, but nothing that would make any difference in a ruling. So, I think the Plaintiff is entitled to judgment on that....

. . . .

THE COURT: ... And then to the Defendant, I know you disagree with me, but—and you have a right to do that. But, is there anything that you

need clarified that you don't understand?

MR. ROBB: Yes. Did you—your Honor, did you conclude that the note was assigned?

THE COURT: Yes.

MR. ROBB: Even though there was no evidence was [sic] presented to that end?

THE COURT: There was evidence. That's the affidavit from the bank. It's uncontroverted evidence, actually.

MR. ROBB: I guess I would say that it was. I disagree with it, which would make it controverted, no evidence presented.

THE COURT: Summary judgment is a time where then you would have to respond with other evidence. Just saying I disagree is not sufficient.

But Robb could not have responded to the affidavit with evidence; if the note was not transferred as Robb alleges, no evidence of the non-existing transfer would exist. Robb did all he could do by pointing to the conclusory nature of the affidavit and explaining to the court how it failed to refute there was a material dispute of fact:

MR. ROBB: I would first like to mention that it appears that the wrong party is suing. That there was—the [ ] note is made out to Ruby M. Robb, and it is the Ruby Trust that is the Plaintiff. And the—there was nothing in the complaint that mentioned any assignment or transfer to the trust. The Plaintiff has prepared an affidavit that offers conclusion [sic] that it was in the trust, but they have not provided any evidence that there was assignment. I would like to bring that to the Court's attention.

Whether an assignment to the Trust occurred is a material fact because, in the absence of an assignment, the wrong party is suing on the note. Because Rooks did

not present competent evidence to show the note was transferred and Robb's comments at the motion hearing were sufficient to show there was a material dispute of fact, we conclude the district court erred when it granted summary judgment.

V

[¶ 14]   We hold the district court erred when it found there was no genuine dispute of material fact.   Because this holding is dispositive of Robb's appeal, we decline to address his other arguments. We reverse the summary judgment ruling and remand for further proceedings.

[¶ 15]   LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result.