2017 ND 26

**Kevin KLEIN and Lynn Klein, Plaintiffs and Appellants**

v.

**Glen SLETTO, Norine Sletto, and Gregory Sletto, Their Heirs, Defendants and Appellees**

and

**Donald Schmidt, and Any Person in Possession of the Real Property Described in the Complaint, and Any Person in Possession of Any Portion of the Real Property Described in the Complaint and All Other Persons Unknown Claiming Any Estate or Interest in or Lien or Encumbrance upon the Real Property Described in the Complaint and All Other Persons Discovered During the Litigation Herein Claiming Any Estate or Interest in or Lien or Encumbrance upon the Real**

**Property Described in the Complaint, Defendants**

**No. 20160048**

Supreme Court of North Dakota.

Filed 2/16/2017

Erin M. Conroy, P.O. Box 137, Botti-
neau, N.D. 58318, for plaintiffs and appel-
lants; submitted on brief.

Richard P. Olson, Ryan G. Quarne, and Wanda L. Fischer, P.O. Box 1180, Minot, N.D. 58702–1180, for defendants and appellees; submitted on brief.

McEvers, Justice.

[¶ 1] Kevin and Lynn Klein appeal from a judgment dismissing their claims and quieting title to certain real property in Gregory Sletto. We affirm, concluding the district court did not err in granting summary judgment because the Kleins failed to present any evidence supporting their claims about the existence of a valid contract.

I

[¶ 2] In 1990, Kevin Klein purchased property located in McHenry County. In March 1993, he transferred the property to Glen and Norine Sletto by warranty deed, and the warranty deed was recorded in the county recorder's office on March 10, 1993. After the 1993 transfer to Glen and Norine Sletto, a portion of the property was transferred to Kip Farms. In 2001, the remaining property was transferred to Glen and Norine Sletto's son, Gregory Sletto, and he sold a portion of the property to Donald Schmidt in 2002.

[¶ 3] In January 2014, the Kleins sued Glen and Norine Sletto, and Gregory Sletto, requesting the court quiet title to the disputed property in their names and seeking damages for claims of breach of contract and fraud. The Kleins alleged the Slettos breached an oral agreement Glen Sletto made with Kevin Klein entitling Kevin Klein to buy back all of the property he transferred to the Slettos in 1993, except the portion sold to Kip Farms, for approximately $50,000 after he leased the property from the Slettos for ten years. The Kleins claimed the Slettos refused to accept the $50,000 payment for the property and refused to deed the property back to Kevin Klein as agreed.

[¶ 4] The Kleins moved to compel depositions of Glen and Norine Sletto. The Slettos responded to the motion and argued the depositions would be an undue burden on Glen and Norine Sletto because they both have significant medical problems. The Slettos moved for a protective order to prevent the depositions.

[¶ 5] In August 2015, the Slettos moved for summary judgment. The Slettos argued they were entitled to judgment as a matter of law because the statutes of limitations for the Kleins' claims had expired and the statute of frauds required the agreement be in writing. They filed exhibits in support of the motion. The Kleins opposed the motion, arguing the statutes of limitations did not preclude their claims and the facts of the case created an exception to the statute of frauds. The Kleins filed exhibits in support of their arguments opposing the motion. Neither party requested oral argument. Glen Sletto died in October 2015, while the case was pending.

[¶ 6] In November 2015, the district court granted the Slettos' motion for summary judgment. The court ruled the Kleins did not present any evidence to support the proposition that an agreement satisfying the statute of frauds existed between them and the Slettos, a twenty-year statute of limitations applied to the Kleins' claim to recover the property, and the claims result from a transfer of property that occurred on March 10, 1993. The court found there was no admissible evidence in the record to support the Kleins' claim about the existence of an oral agreement for the Slettos to sell the property back to Kevin Klein after ten years. The court also concluded the statutes of limitations for the fraud and breach of contract claims expired. The court dismissed the Kleins' claims with prejudice and ordered

the property Gregory Sletto owns is quieted in his favor.

## II

[¶ 7] In <u>Hamilton v. Woll</u>, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting <u>Wenco v. EOG Res., Inc.</u>, 2012 ND 219, ¶ 8, 822 N.W.2d 701), we explained the well-established standard for reviewing summary judgments:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

We have explained:

> If the moving party meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact. Rule 56[, N.D.R.Civ.P.,] requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial. When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists. This Court has repeatedly cautioned that mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim.

<u>Riemers v. Hill</u>, 2016 ND 137, ¶ 21, 881 N.W.2d 624 (quoting <u>Barbie v. Minko Constr., Inc.</u>, 2009 ND 99, ¶ 6, 766 N.W.2d 458).

> In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

<u>Hamilton</u>, at ¶ 9 (quoting <u>Wenco</u>, at ¶ 8).

## III

[¶ 8] The Kleins argue the district court erred in granting summary judgment and quieting title to the property in favor of Gregory Sletto because they raised factual issues about the existence of an oral contract for the purchase of the property. The Kleins admit the contract is not in writing and does not comply with the statute of frauds, but they claim the statute of frauds does not apply because there was partial performance of the terms of the oral agreement.

[¶ 9] The statute of frauds, N.D.C.C. § 9–06–04, provides in relevant part:

> The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by the party's agent:

1. An agreement that by its terms is not to be performed within a year from the making thereof.

. . . .

3. An agreement for the leasing for a longer period than one year, or for the sale, of real property, or of an interest therein.

[¶ 10] The Kleins did not present any evidence about or claim the existence of a written agreement allowing them to purchase the property; rather, they claimed Kevin Klein and Glen Sletto orally agreed Kevin Klein would be able to repurchase the property for approximately $50,000 after he leased the property from the Slettos for ten years. The alleged oral agreement is an agreement for the sale of real property and is an agreement that by its terms is not to be performed within one year. The agreement does not comply with the statute of frauds.

[¶ 11] However, this Court has held partial performance of an oral contract may bar the assertion of the statute of frauds, if an agreement between the parties exists. Constellation Dev., LLC v. Western Trust Co., 2016 ND 141, ¶ 19, 882 N.W.2d 238. Section 47–10–01, N.D.C.C., states real property can be transferred only by operation of law or by an instrument in writing, but "[t]his does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." A person alleging the statute of frauds does not apply to an oral agreement must establish "an act of partial performance that unmistakably point[ed] to the existence of the claimed agreement, that was consistent only with the terms and existence of the alleged contract, and that could not be accounted for on some other hypothesis." Bloomquist v. Goose River Bank, 2013 ND 154, ¶ 13, 836 N.W.2d 450 (quoting Kohanowski v.

Burkhardt, 2012 ND 199, ¶ 16, 821 N.W.2d 740).

[¶ 12] The Kleins argue partial performance bars the assertion of the statute of frauds. Before the district court, the Kleins argued the statute of frauds did not apply because the deed transferring the property to the Slettos was a mortgage and the deed was only evidence of a security. They claimed the property was transferred as security for the mortgage, part of the property was sold to Kip Farms to satisfy a portion of Kevin Klein's FHA loan and the Slettos paid another $46,500 to satisfy the remaining amount of the loan, Kevin Klein was required to repay the Slettos $46,500 with interest for the amount the Slettos paid to satisfy Kevin Klein's debt, and Kevin Klein was obligated to rent the property as an interest payment to the Slettos. They argued the facts of the case created an exception to the statute of frauds because the deed was evidence of a mortgage security and not evidence of an absolute conveyance. The Kleins did not argue partial performance barred the application of the statute of frauds.

[¶ 13] Generally issues that were not raised in the district court may not be raised for the first time on appeal. Valentina Williston, LLC v. Gadeco, LLC, 2016 ND 84, ¶ 23, 878 N.W.2d 397. We have explained:

The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effec-

tive review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal.

Id. (quoting Working Capital #1 v. Quality Auto Body, Inc., 2012 ND 115, ¶ 13, 817 N.W.2d 346). The Kleins are arguing for the first time on appeal that partial performance of the alleged oral contract precludes the application of the statute of frauds, and therefore, we will not consider the argument.

[¶ 14] Because the alleged oral agreement does not comply with the statute of frauds, the Kleins failed to present competent admissible evidence about the existence of a valid and enforceable contract. Viewing the evidence in the light most favorable to the Kleins, we conclude there are no genuine issues of material fact and the district court did not err in dismissing the quiet title and breach of contract claims.

### IV

[¶ 15] To the extent the Kleins argue the district court erred in denying their fraud claim, their argument is without merit. The Kleins alleged the Sletto defendants committed actual fraud by fraudulently inducing Kevin Klein to transfer the property to Glenn Sletto without any intention of honoring the agreement to transfer the property back to Kevin Klein at some future date.

[¶ 16] The district court dismissed the Kleins' fraud claim, concluding it was barred by the statute of limitations. An action for relief on the ground of fraud must be commenced within six years after the claim for relief has accrued. N.D.C.C. § 28–01–16(6). A claim for fraud is not deemed to have accrued "until the discovery by the aggrieved party of the facts constituting the fraud." Id.

The discovery rule postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury.... We have used an objective standard for the knowledge requirement under the discovery rule. The focus is upon whether the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs.

Rose v. United Equitable Ins. Co., 2001 ND 154, ¶ 9, 632 N.W.2d 429 (quoting Wells v. First Am. Bank West, 1999 ND 170, ¶ 10, 598 N.W.2d 834). This is "consistent with this Court's belief that, after acquiring knowledge of the facts, parties have a responsibility to promptly discover what legal rights result from such facts, and failure to do so will be construed against the party." Podrygula v. Bray, 2014 ND 226, ¶ 15, 856 N.W.2d 791. The plaintiff is only required to be aware of an injury and is not required to have knowledge of the full extent of the injury. Id.

[¶ 17] The district court found from the undisputed evidence that a portion of the disputed property was sold to Donald Schmidt in 2002, that the warranty deed was immediately recorded, and that Kevin Klein was aware of the sale in 2002. The court ruled the Kleins were put on notice in 2002 that at least a portion of the property would not be available to buy-back from the Sletto defendants and a potential claim existed, the statute of limitations began to run, and the statute of limitations expired before an action was commenced.

[¶ 18] The undisputed evidence supports the court's findings. Kevin Klein testified in his deposition that he learned in 2002

that a portion of the disputed property had been sold and that he would not be able to buy it back. These facts would place a reasonable person on notice a potential claim existed in 2002. The statute of limitations began to run in 2002 and expired before the Kleins commenced this action. We conclude the district court did not err in dismissing the Kleins' fraud claim.

## V

[¶ 19] The Kleins argue the district court erred by failing to order Glen and Norine Sletto to appear at depositions. The Kleins claim the court did not rule on their motion to compel the depositions and testimony from Glen or Norine Sletto could have confirmed the existence of a verbal agreement.

[¶ 20] The Sletto defendants alleged the district court did not decide the motion to compel because the parties settled the matter and agreed Glen and Norine Sletto would not be deposed. They claimed certain documents had been left out of the record showing the parties settled the issue, they moved under N.D.R.App.P. 10(h) for the district court to correct the record and file the missing documents, including a signed stipulation about the requested depositions and emails between the parties and the court about the motion, but the court did not decide their motion to correct the record. This Court previously remanded the matter for the limited purpose of allowing the district court to decide the motion to correct the record or for an explanation about why the motion to compel was never decided. On remand, the district court granted the motion to correct the record and the record was supplemented with the signed stipulation and other documents.

[¶ 21] In April 2015, the Kleins moved to compel the depositions of Glen and Norine Sletto. The Sletto defendants objected to the depositions, arguing Glen and Norine Sletto are elderly and have health problems, the depositions would be an undue burden on the Slettos, and any testimony would be unreliable. The Sletto defendants moved for a protective order precluding the depositions. On April 7, 2015, the district court sent the parties an email advising them that they should have competence evaluations for Glen and Norine Sletto completed before they request a hearing on the motions. In June 2015, the attorney for the Sletto defendants advised the court that the parties appeared to have reached an agreement on the depositions, a hearing would not be needed, and the motions would be withdrawn after the stipulation was filed. In September and October 2015, the parties signed a stipulation, stating they agreed to entry of a protective order preventing the depositions and Glen and Norine Sletto would not provide further testimony in the matter. The stipulation was not filed with the district court after it was signed, but the court indicated in a July 2015 email that it was waiting for the stipulation to be filed and the stipulation would resolve the remaining issues.

[¶ 22] Although the stipulation was not filed with the district court before the court decided the motion for summary judgment, the parties informed the court they had reached an agreement that resolved the issue and the stipulation was signed. The parties should have filed the stipulation and the district court should have dismissed the motions. However, any error in failing to decide the motions was invited by the parties and was harmless. Under these facts and circumstances, we conclude the district court did not commit reversible error by failing to decide the Kleins' motion to compel.

## VI

[¶ 23] We have considered the parties' remaining issues and arguments and con-

clude they are either without merit or unnecessary to our decision. We affirm the judgment.

[¶ 24] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶ 25] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.