# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 185

City of Glen Ullin and Park District
of the City of Glen Ullin,                          Plaintiffs and Appellees

      v.

Karen Schirado and Jerome Schirado,          Defendants and Appellants

### No. 20200075

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

John J. Mahoney, Center, N.D., for plaintiffs and appellees.

Benjamin C. Pulkrabek, Mandan, N.D., for defendants and appellants.

**Tufte, Justice.**

[¶1]   Karen and Jerome Schirado appeal after the district court granted summary judgment in favor of the City of Glen Ullin and the Park District of the City of Glen Ullin. The court concluded the case was res judicata due to a prior lawsuit between the Park District and the Schirados. The court entered judgment enjoining the Schirados from placing any obstruction or personal property on certain City lands and on certain Park District lands and awarded attorney's fees. We conclude the court properly applied the doctrine of res judicata to the Park District lands, which were the subject of the prior lawsuit, but it erred when it applied res judicata to the City lands, which were not included in the prior lawsuit. We affirm in part, reverse in part, vacate the award of attorney's fees and costs, and remand the case for further proceedings.

I

[¶2]   The dispute concerns lots, streets, and alleys within or near the City of Glen Ullin. The lots, streets, and alleys have been surveyed and platted, but they are undeveloped. The Park District has ownership or authority over the lots. The City has authority over the streets and alleys, which run adjacent to and between the lots. The Schirados own land near both the Park District property and the City property.

[¶3]   In 2013, the Park District sued the Schirados to enjoin them from placing fencing and allowing their horses to graze on the Park District's lots. The Schirados did not respond, and the district court entered default judgment. In 2019, the Park District and the City brought the present lawsuit. They allege the Schirados are violating the 2013 judgment. Their complaint makes similar allegations as in the 2013 suit, and the same Park District lots are at issue. But the present suit also includes the City's streets and alleys, which were not included in the 2013 action.

[¶4]  The Schirados conceded they placed fencing on the properties and allowed their horses to graze them. However, they claim they were given permission by the Glen Ullin City Council to graze the properties in exchange for removing garbage that has accumulated on the streets and alleys. They claim that, on the basis of this unwritten agreement, they have devoted many hours and thousands of dollars to removing garbage from the City's streets and alleys. They resisted summary judgment, arguing their agreement is excepted from the statute of frauds on the basis of partial performance.

[¶5]  After granting a preliminary injunction, the district court entered summary judgment in favor of the City and the Park District. The court concluded the lawsuit was "based on essentially the same facts and issues" as the 2013 case. The court summarily determined the "whole case is res judicata." The court did not address the Schirados' arguments regarding a partially performed agreement with the Glen Ullin City Council. The court entered judgment enjoining the Schirados from interfering with the public's use of the properties or placing any obstructions or personal property upon them. The court also found the Schirados in contempt of court because of their violation of the 2013 judgment and awarded attorney's fees and costs in the amount of $11,106.85.

II

[¶6]  The doctrine of res judicata forecloses parties from relitigating claims and issues that have been previously decided. *Fettig v. Estate of Fettig*, 2019 ND 261, ¶ 16, 934 N.W.2d 547. The doctrine attempts to promote judicial efficiency. *Id.* at ¶ 15. There are two types of res judicata—claim preclusion and issue preclusion. *Riverwood Commercial Park, LLC v. Standard Oil Co.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101. The former bars relitigation of claims regardless of whether the successive claim raises different issues. *Id.* at ¶ 14. The latter bars relitigation of factual or legal issues regardless of whether the issue is presented as part of a different claim. *Id.* The applicability of res judicata is a question of law fully reviewable on appeal. *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992).

2

[¶7]   The lawsuit brought by the Glen Ullin Park District in 2013 raised the same allegations as the present lawsuit, requested the same relief, and resulted in a judgment enjoining the Schirados from interfering with the public's use of the Park District property or placing property upon it. The present claim concerning the Park District's property—the same claim brought and decided in 2013—is therefore res judicata. However, the 2013 lawsuit did not include the City's property. "[A] judgment adjudicating rights or title to property only bars claims relating to the particular property in controversy and does not extend to rights, title, or interests in other property." *Fettig*, 2019 ND 261, ¶ 18, 934 N.W.2d 547. Moreover, the Schirados have raised an issue concerning an oral agreement with the Glen Ullin City Council that was not resolved in the prior lawsuit. We therefore conclude the district court erred when it applied res judicata to the claim concerning the City's property, and we reverse that part of the judgment granting relief to the City.

[¶8]   We also vacate the award of attorney's fees and costs. The City and the Park District requested attorney's fees in the amount of $3,000 for the Schirados' violation of the 2013 judgment. The district court found the Schirados in contempt for violating the 2013 judgment, and it awarded attorney's fees and costs in the amount of $11,106.85. Violation of the 2013 judgment is a valid reason for a finding of contempt, and we therefore affirm the court's finding. *See Arnold v. Trident Res., LLC*, 2020 ND 104, ¶ 10, 942 N.W.2d 465. However, the court did not specify which portion of the award is a sanction for the contempt, nor did it articulate which portion of the award was attributable to each plaintiff. We therefore vacate the award of attorney's fees and costs with instructions for the district court to explain its rationale for the award, including which amount is a sanction for the contempt, and which portion is allocated to each plaintiff. *See id.* at ¶ 22 (remanding sanction award for district court to explain its rationale when the record was insufficient to review the appropriateness of the amount awarded).

## III

[¶9]   We affirm that part of the district court's judgment granting injunctive relief as to the Park District property. We reverse that part of the judgment granting injunctive relief as to the City property and awarding attorney's fees and costs. We remand the case for further proceedings.

[¶10] Jerod E. Tufte
      Daniel J. Crothers
      Lisa Fair McEvers
      Gerald W. VandeWalle
      Jon J. Jensen, C.J.