# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 72

City of Glen Ullin and Park District of the
City of Glen Ullin,

Plaintiffs and Appellees

v.

Karen Schirado and Jerome Schirado,

Defendants and Appellants

## No. 20200345

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

John J. Mahoney, Center, ND, for plaintiffs and appellees.

Benjamin C. Pulkrabek, Mandan, ND, for defendants and appellants.

## City of Glen Ullin v. Schirado
## No. 20200345

**Crothers, Justice.**

[¶1] Karen and Jerome Schirado appeal from a judgment granting the City of Glen Ullin and the Glen Ullin Park District permanent injunctive relief and awarding the Park District attorney's fees. The Schirados argue the district court erred in granting summary judgment and awarding attorney's fees. We affirm.

I

[¶2] This case comes to this Court on a second appeal. *City of Glen Ullin, et al. v. Schirado, et al.*, 2020 ND 185 (*Schirado I*). The dispute involves lots, streets, and alleys within or near the City of Glen Ullin. *Id.* at ¶ 2. The Park District owns the lots while the City controls the streets and alleys running between the lots. *Id.* The Schirados own land near both Park District and City property. *Id.*

[¶3] In 2013 the Park District sued the Schirados to enjoin them from fencing and allowing their horses to graze on Park District lots. The Park District was granted default judgment. In 2019 the Park District and the City brought the present suit, alleging the Schirados violated the 2013 judgment. The suit contained claims similar to the 2013 suit, with additional claims involving the City's streets and alleys which were not involved in the original action.

[¶4] The Schirados conceded they placed fencing on the properties and allowed their horses to graze, but alleged they were given permission by the City in exchange for removing garbage that accumulated on the streets and alleys. The Schirados claimed they devoted many hours and thousands of dollars removing garbage from the streets and alleys. They resisted summary judgment, arguing partial performance of their agreement satisfied the statute of frauds.

[¶5] The district court granted a preliminary injunction and subsequently summary judgment in favor of the City and the Park District. The court

concluded the suit was based on the same facts and issues as the 2013 case, and the entire case was res judicata. The court did not address the Schirados' arguments regarding a partially performed agreement with the City. The court also found the Schirados in contempt of court because of their violation of the 2013 judgment and awarded attorney's fees and costs to the City and the Park District in the amount of $11,106.85. The Schirados appealed that judgment and we reversed. *Schirado I*, 2020 ND 185, ¶ 9.

[¶6] In *Schirado I*, this Court held the claim concerning the Park District's property was res judicata, the claim concerning the City's property was not res judicata, and the attorney's fees award was not adequately explained. *Id.* at ¶¶ 7-8. We reversed the judgment granting relief to the City, and reversed and remanded the award of attorney's fees for the district court to explain its rationale for the award, including which amount is a sanction for contempt, and which portion is allocated to each plaintiff. *Id.* at ¶ 9.

[¶7] On remand, the Schirados filed a motion for trial, claiming Karen Schirado possessed additional testimony and evidence "necessary to allow her to fully present her case." The City and Park District opposed the motion. The district court denied the motion for trial and concluded the Schirados had two opportunities to present evidence of an oral or written agreement to use the City property and failed to do so. The court granted the City's motion for summary judgment, concluding the Schirados failed to present admissible evidence in resistance to the City and Park District's motion for summary judgment. The court also granted the City and the Park District permanent injunctive relief and awarded the Park District $5,460.00 in attorney's fees. The Schirados appeal from the amended judgment.

II

[¶8] The Schirados argue summary judgment was improperly granted because of four issues of material fact: (1) City Council meeting minutes from May 12, 2003 establishes an enforceable agreement under N.D.C.C. § 9-06-04; (2) Schirados partially performed an unwritten agreement; (3) Schirados' work cleaning up the city streets was a valuable, substantial, and permanent

2

improvement; and (4) Schirados took possession of the City's streets and alleys after entering into the alleged unwritten agreement.

[¶9]    The standard of review for summary judgment is well established:

> "In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Klein v. Sletto*, 2017 ND 26, ¶ 7, 889 N.W.2d 918 (quoting *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754).

[¶10] "Summary judgment is appropriate when 'there is no dispute as to either the material facts or the inferences to be drawn from the undisputed facts, or whenever only a question of law is involved.'" *Rooks v. Robb*, 2015 ND 274, ¶ 10, 871 N.W.2d 468 (quoting *First Nat'l Bank v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983)). Under Rule 56, N.D.R.Civ.P., the movant bears the burden of showing no genuine issue of material fact exists. *Rooks*, at ¶ 10. The party resisting the motion for summary judgment is given all favorable inferences which may reasonably be drawn from the evidence. *Id.* A party resisting summary judgment cannot only rely on the pleadings, but must present competent admissible evidence raising an issue of material fact. *Swenson v. Raumin*, 1998 ND 150, ¶ 9, 583 N.W.2d 102. A non-moving party cannot rely on speculation. *Beckler v. Bismarck Pub. Sch. Dist.*, 2006 ND 58, ¶ 7, 711 N.W.2d 172.

A

[¶11] Under the statute of frauds, a contract for an interest in real property is invalid "unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged." N.D.C.C. § 9-06-04. "A subscription

is the same as signing." *Bouten v. Richard Miller Homes, Inc.*, 321 N.W.2d 895, 899 (Minn. 1982); 2A. Corbin, *Contracts* § 521; 4 S. Williston, *A treatise on the Law of Contracts* § 585 (3d ed. 1961). For purposes of this decision we will, as the parties did, assume without deciding that the right to graze horses on another person's land is an interest in real property.

[¶12] The Schirados assert the City Council's May 12, 2003 meeting minutes constitute a sufficient memorandum to satisfy the statute of frauds and allow the Schirados to use the city streets and alleys. Although the writing might constitute a sufficient memorandum in the proper circumstance, this writing does not contain what the Schirados claim.

[¶13] An agreement allowing the Schirados to use city streets and alleys does not appear in the City Council's minutes. Rather, the minutes state: "Karen Schirado was present to inquire if she can graze horses on the Schultz land located on the extreme north side of Glen Ullin. The Council determined that this is permissible." A member of the City Council on May 12, 2003, explained her understanding of the agreement was that the Schirados purchased "the Schultz land," and the City agreed the Schirados could graze horses on their land only. Karen Schirado asserted in her affidavit "she and her husband had an agreement with the Glen Ullin City Counsel [sic]," the "land could be used by she and her husband as pasture land," "there was a lot of garbage," "if she cleaned it up she and her husband could use the platted streets and alleys as part of their pasture land," and "she has cleaned up the garbage." However, no terms of the "agreement" were provided and affidavits containing conclusory statements unsupported by specific facts are insufficient to raise a material factual dispute. *BTA Oil Producers v. MDU Res. Group, Inc.*, 2002 ND 55, ¶ 49, 642 N.W.2d 873.

[¶14] The district court concluded the Schirados' evidence failed to provide competent admissible evidence of an agreement allowing the Schirados to use anything but their own land. We therefore agree with the district court that no genuine issue of material fact exists whether the minutes created an effective agreement to allow the Schirados to use City land.

4

[¶15] Part performance may remove an agreement from the statute of frauds. *See Trosen v. Trosen*, 2014 ND 7, ¶ 21, 841 N.W.2d 687. A party asserting part performance removed an unwritten agreement from the statute of frauds must prove that a contract existed. *Id.* at ¶ 22. This Court has said:

> "The general rule is that contracts for the sale of real property and transfers of real property interests must be made by an instrument in writing. Section 9-06-04, N.D.C.C.; Section 47-10-01, N.D.C.C. However, part performance of an oral contract which is consistent only with the existence of the alleged contract removes it from the statute of frauds. *Poyzer v. Amenia Seed & Grain Co.*, 409 N.W.2d 107 (N.D. 1987). While partial payment of the purchase price alone is not justification for enforcing an oral contract to convey land, partial payment together with other acts such as possession or the making of valuable improvements may be sufficient to take a contract out of the statute of frauds. *See Parceluk v. Knudtson*, 139 N.W.2d 864 (N.D. 1966). When improvements to the property are relied upon as part performance of an oral contract for purposes of removing it from the statute of frauds, the improvements made on the land must be valuable, substantial, and permanent. *Vasichek v. Thorsen*, 271 N.W.2d 555 (N.D. 1978). Thus, *part payment of the purchase price and substantial improvements to the property* may remove an oral contract from the statute of frauds and create an enforceable contract constituting an enforceable equitable property interest."

*Williston Co-Op Credit Union v. Fossum*, 459 N.W.2d 548, 551 (N.D. 1990) (emphasis added).

[¶16] The Schirados' remaining three arguments arise under the doctrine of part performance. Thus, for any of the arguments to succeed the Schirados must prove an agreement existed and their part performance was consistent only with that agreement. As noted by the district court, despite several opportunities to provide evidence of an agreement, oral or written, the Schirados were unable to do so. While the Schirados provided evidence the City granted them permission to "graze horses on the Schultz [ultimately Schirado] land located on the extreme north side of Glen Ullin," that agreement is not

consistent only with a conclusion the Schirados received permission to utilize the City streets and alleys as they suggest. Although Karen Schirado stated in her affidavit she and her husband had an agreement with the City to utilize the streets and alleys if she removed the garbage from them, nothing more than her bare statement was provided. Karen Schirado's testimony went no further than to allege she spent eight years cleaning the City's streets so she could use them as pasture land. Karen Schirado's affidavit and testimony provide nothing more than conclusory allegations of part performance. The Schirados were unable to raise a material factual dispute as to either of the requirements under part performance. The Schirados failed to raise an issue of material fact that part performance removed the alleged agreement with the City from the statute of frauds.

### III

[¶17] The Schirados assert the district court erred in its calculation of attorney's fees under this Court's direction in *Schirado I*. There, we vacated the district court's original award of attorney's fees to both the City and the Park District, stating:

> "[T]he court did not specify which portion of the award is a sanction for the contempt, nor did it articulate which portion of the award was attributable to each plaintiff. We therefore vacate the award of attorney's fees and costs with instructions for the district court to explain its rationale for the award, including which amount is a sanction for the contempt, and which portion is allocated to each plaintiff."

*Schirado I*, 2020 ND 185, ¶ 8 (citations omitted).

[¶18] The Schirados argue the district court erred by failing to adequately explain the basis for awarding attorney's fees. The Schirados also claim the City was not entitled to attorney's fees for contempt because the City possesses no prior judgment. Despite this assertion, the district court's order makes clear no attorney's fees were awarded to the City for contempt. The court stated:

> "Since the 2013 litigation, Defendants have admitted to again using and occupying the Park District property, while being aware

6

of their objections . . . Defendants are in contempt of court by their knowing and intentional resistance to and disobedience of the previous order of this court issued in the 2013 case, and reasonable attorney fees are awarded for the present action *with respect to Plaintiff Park District of Glen Ullin; the Park District of Glen Ullin in the amount of $5,460.00*, which is one-half of Plaintiffs' attorney fees in this action."

(Emphasis added.)

[¶19] A district court is not required to describe its calculations in detail when making its findings regarding attorney's fees, so long as this Court is able to discern a basis for the award. *See Greenwood, Greenwood & Greenwood, P.C. v. Klem*, 450 N.W.2d 745, 748 (N.D. 1990). Here, the district court was presented with an invoice listing the time and amounts billed by counsel to the City and the Park District since the commencement of this litigation. The district court explained that the Park District was awarded recovery of attorney's fees from the Schirados for their contempt, and the fee amount was half the invoice total. The district court also explained it only awarded attorney's fees to the Park District because the City was not protected under the 2013 injunction. These findings provided a discernible basis for the award and, while a more thorough explanation of how the fee award was calculated would be welcome, on this record we conclude the district court did not abuse its discretion.

IV

[¶20] The district court's summary judgment is affirmed.

[¶21] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

7