# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 163

Robert V. Bolinske, Sr.,                                          Plaintiff and Appellant

v.

Dale V. Sandstrom, Gail Hagerty,                       Defendants and Appellees

and

Robert R. Port,                                                              Defendant

## No. 20230359

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Robert V. Bolinske, Sr., Bismarck, N.D., plaintiff and appellant; submitted on brief.

Matthew A. Sagsveen, Assistant Attorney General, Bismarck, N.D., for defendants and appellees; submitted on brief.

**Tufte, Justice.**

[¶1]   Bolinske appeals from a district court judgment dismissing his remaining claim of defamation against Dale Sandstrom and Gail Hagerty ("State Defendants") and awarding attorney's fees. On appeal, Bolinske argues the court erred by granting the State Defendants' motion for judgment on the pleadings because the statute of limitations does not bar his defamation claim. He also argues the court abused its discretion by awarding attorney's fees, and challenges the reasonableness of the award of attorney's fees. We affirm the district court judgment.

I

[¶2]   In *Bolinske v. Sandstrom*, 2022 ND 148, ¶ 33, 978 N.W.2d 72, we affirmed the district court's judgment of dismissal in part, concluding the court properly dismissed Bolinske's claims of procedural and substantive due process violations, civil conspiracy, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, governmental bad faith, and tortious outrage. We reversed the judgment in part, concluding the court erred by dismissing the defamation claim under the statute of limitations because the statute of limitations was not specifically pled by answer. *Id.* We explained:

> Because N.D.C.C. § 28-01-39 requires that a statute of limitations defense "can only be taken by answer" and the State Defendants have not answered the amended complaint, we conclude the district court erred by dismissing the defamation claim under the statute of limitations. Nothing we say here would foreclose the district court from resolving any post-answer motion under Rule 12 or Rule 56.

*Bolinske*, at ¶ 18. The Court vacated the award of attorney's fees, and remanded for further proceedings. *Id.* at ¶ 33. The only claim remaining involved Defendant Sandstrom.

[¶3]   Following remand, Sandstrom answered Bolinske's amended complaint, which included the statute of limitations defense. Sandstrom also filed a motion

1

for judgment on the pleadings and request for attorney's fees. The district court held a hearing on Sandstrom's motion for judgment on the pleadings.

[¶4] The district court granted Sandstrom's motion for judgment on the pleadings, finding Bolinske's defamation claim was barred by the applicable statute of limitations, and "all of [Bolinske's] claims made in this action are frivolous and reasonable attorney's fees and costs will be awarded." A declaration of attorney's fees was filed. Judgment was issued and notice of entry of judgment was served.

[¶5] Bolinske filed a motion to alter or amend the judgment, arguing the district court erred in calculating the statute of limitations, his action was not frivolous, and the court erred by awarding attorney's fees. A hearing was held on the matter. The court denied the motion. Bolinske appeals.

## II

[¶6] Motions for judgment on the pleadings are governed by N.D.R.Civ.P. 12(c). We review a district court's decision granting a motion for judgment on the pleadings as follows:

> We recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint is to be construed in the light most favorable to the plaintiff, and the allegations of the complaint are taken as true. The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.

*Krebsbach v. Trinity Hosps., Inc.*, 2020 ND 24, ¶ 8, 938 N.W.2d 133 (cleaned up).

[¶7] Bolinske argues the district court erred by dismissing his complaint because the statute of limitations does not bar his defamation claim. He argues

the statute of limitations was tolled "during the 45 day correction period provided in section 32-43-06" *and* the 90-day period of request for correction of the defamation in N.D.C.C. § 32-43-03(2). He argues the statute of limitations expired on April 2, 2019.

[¶8] The district court concluded:

The Court disagrees with Bolinske's proffered interpretation. There is no tolling language within N.D.C.C. § 32-43-03(2). Nor does the tolling language within N.D.C.C. § 32-43-03(5) reference the time period in subsection 2 at all. The Court concludes there is simply no connection or language within Chapter 32-43 which supports the argument that defamation claims have two tolling periods that impact the statute of limitation, and certainly no connect or language to support Bolinske's argument that two tolling periods exist in a consecutive fashion, for a total extension of 135 days added to the two year statute of limitation.

[¶9] The district court explained: "The parties agree this defamation claim revolves around statements made by Sandstrom on October 18, 2016, and published that same date in an online blog. The parties agree Bolinske served on Sandstrom a Demand for Retraction/Correction on January 14, 2017. They agree that Sandstrom did not respond." The court further stated that the "action commenced on February 26, 2019." Bolinske adopted these undisputed facts in his briefs on appeal.

[¶10] A defamation action must be commenced within two years after the claim for relief has accrued. N.D.C.C. § 28-01-18(1); *see also* N.D.C.C. § 14-02-02 (defamation is effected by libel or slander). "A cause of action accrues on a defamation claim when the publication of the false statement is made to a third party." *Arthaud v. Fuglie*, 2023 ND 36, ¶ 5, 987 N.W.2d 379. An action is commenced when the summons is served on the defendant. N.D.C.C. § 28-01-38; N.D.R.Civ.P. 3.

[¶11] Section 32-43-03, N.D.C.C., provides:

1. A person may maintain an action for defamation only if the person has made a timely and adequate request for correction or

3

clarification from the defendant or the defendant has made a correction or clarification.

2. A request for correction or clarification is timely if made within the period of limitation for commencement of an action for defamation. However, a person who, within ninety days after knowledge of the publication, fails to make a good-faith attempt to request a correction or clarification may recover only provable economic loss.

. . . .

5. The period of limitation for commencement of a defamation action is tolled during the period allowed in section 32-43-06 for responding to a request for correction or clarification.

[¶12] Under N.D.C.C. § 32-43-06(1), "[a] correction or clarification is timely if it is published before, or within forty-five days after, receipt of a request for correction or clarification, unless the period is extended under section 32-43-04." Section 32-43-04, N.D.C.C., provides:

A person who has been requested to make a correction or clarification may ask the requester to disclose reasonably available information material to the falsity of the allegedly defamatory statement. If a correction or clarification is not made, a person who unreasonably fails to disclose the information after a request to do so may recover only provable economic loss. A correction or clarification is timely if published within twenty-five days after receipt of information disclosed under this section or forty-five days after receipt of a request for correction or clarification, whichever is later.

[¶13] Bolinske provides no support for his interpretation of the statute. Bolinske's argument that the 90-day period described in section 32-43-03(2), which limits the time to request correction without limiting damages to economic loss, is also tolled is not supported by a plain reading of the statute. "The period of limitation for commencement of a defamation action is tolled during the period allowed in section 32-43-06 for responding to a request for correction or clarification." N.D.C.C. § 32-43-03(5). Section 32-43-06 only refers to a 45-day period. The statutory reference to 90 days in N.D.C.C. § 32-43-03(2) does not provide an additional 90-day tolling period in addition to the 45-day period in N.D.C.C. § 32-43-06.

4

[¶14] The relevant facts are undisputed. Including a 45-day tolling period, 2 years and 45 days from October 18, 2016, is December 2, 2018. Bolinske commenced this action on February 26, 2019. The defamation claim is barred by the statute of limitations.

III

[¶15] Bolinske argues the district court erred in concluding his claims are frivolous and awarding attorney's fees. He argues his claims are not frivolous because the statute of limitations does not bar his defamation claim. Bolinske also argues the award of attorney's fees was unreasonable.

[¶16] The district court awarded attorney's fees under N.D.C.C. § 28-26-01(2), which provides:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

"The court has discretion under this statute to determine whether the claim is frivolous and how much to award. However, the court must award costs and attorney's fees if it finds the claim is frivolous." *Bolinske*, 2022 ND 148, ¶ 30 (internal citation omitted).

[¶17] We review an award of attorney's fees under an abuse of discretion standard. *Bolinske*, 2022 ND 148, ¶ 30; *see also Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705 ("A court's discretionary determinations under N.D.C.C. § 28-26-01(2) will not be overturned on appeal absent an abuse of discretion."). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets

or misapplies the law." *Bolinske*, at ¶ 30 (quoting *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899).

A

[¶18] The district court "reiterate[d] its earlier conclusion regarding frivolity of the legal claims made by Bolinske," explaining Bolinske:

> [A]lso proceeded with certain claims when all undisputed facts clearly showed he had not met statutory deadlines and statutes of limitations. When one continues to make claims of a certain character without any factual (or legal) basis for it, particularly where a federal and reviewing courts (sic) had repeatedly rejected those claims in other rulings, the result is frivolous claims.

In *Bolinske*, we concluded "the court did not abuse its discretion by finding the seven claims identified in Part III, ¶ 9, frivolous for failing to timely file a notice of claim and awarding attorney's fees on the frivolity of those claims." 2022 ND 148, ¶ 32.

[¶19] On remand, the district court addressed the remanded defamation claim separately:

> [S]pecifically, the only possible non-frivolous route this Court could see as a viable extension of the defamation statute of limitation to the timeframe posited by Bolinske would be if the discovery rule had applied AND the date of discovery was so delayed that it extended the statute of limitation beyond the 85 days that elapsed between the two year, 45 day date (December 3, 2018) and commencement of the action on February 26, 2019.

After reviewing Bolinske's own assertions, the district court found:

> The Court concludes, by Bolinske's own admissions, it appears beyond doubt Bolinske could prove no set of facts to support his arguments [] that he met the defamation statute of limitation, yet he persisted with the action. Thus, even if the discovery rule were a viable legal argument, it was only a viable legal argument to extend the statute of limitations "one to two weeks," not even close to the

6

85 day gap between the statute of limitation and the commencement of this action.

[¶20] "Frivolous claims are those which have such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in that person's favor." *Strand v. Cass Cnty.*, 2008 ND 149, ¶ 11, 753 N.W.2d 872 (cleaned up). "Authorizations of attorney's fees for frivolous claims are not meant to chill enthusiasm and creativity in pursuing factual or legal theories, and a court should not use the wisdom of hindsight to determine whether claims are frivolous." *Id.* (quoting *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 84-85 (N.D. 1991)). "If the law is unclear or unsettled on a particular claim, that circumstance makes it more likely that a party might reasonably expect to prevail on that claim." *Id.* (quoting *Soentgen*, at 85).

[¶21] Bolinske argues his claims are not frivolous because the statute of limitations does not bar his defamation claim. As discussed above, Bolinske does not provide support for his interpretation of the statute. The plain language of the statute compels a contrary interpretation.

[¶22] The district court considered Bolinske's two legal arguments regarding the tolling statutes, and the facts underlying the statute of limitations claim in this case, and found the arguments for tolling the statute, and the defamation claim itself, frivolous. Based upon the record, we are not persuaded that the court acted in an arbitrary, unreasonable, or unconscionable manner, that the court's decision was not the product of a rational mental process leading to a reasoned decision, or that the court misinterpreted or misapplied the law. The court did not abuse its discretion by awarding attorney's fees.

B

[¶23] Bolinkse also challenges the reasonableness of the award of attorney's fees. "The district court is considered an expert in determining the amount of attorney fees. The court's decision regarding the amount and reasonableness of the attorney's fees will not be overturned on appeal absent a clear abuse of discretion." *Trosen v. Trosen*, 2022 ND 216, ¶ 48, 982 N.W.2d 527 (cleaned up). "A district court is not required to describe its calculations in detail when making

its findings regarding attorney's fees, so long as this Court is able to discern a basis for the award." *City of Glen Ullin v. Schirado*, 2021 ND 72, ¶ 19, 959 N.W.2d 47 (explaining "[t]hese findings provided a discernible basis for the award and, while a more thorough explanation of how the fee award was calculated would be welcome, on this record we conclude the district court did not abuse its discretion").

[¶24] Sandstrom filed a declaration of attorney's fees with a detailed accounting of the billable hours of his attorneys and paralegals, requesting $26,553.30 and declaring "[t]he rates charged on this matter are customary rates of those professionals involved in this matter given the complexity of the issues involved and the experience of the professionals involved." The district court awarded attorney's fees in the amount of $26,553.30. Based upon the record, including the detailed accounting of billable hours and declaration of attorney's fees, we conclude the court did not abuse its discretion in awarding of attorney's fees.

IV

[¶25] We have considered Bolinske's remaining issues and arguments and conclude the issues have been previously addressed by this Court, are not necessary to our decision, or are without merit. We affirm the district court's judgment and award of attorney's fees.

[¶26] Jon J. Jensen, C.J.
     Jerod E. Tufte
     Douglas A. Bahr
     Daniel D. Narum, D.J.
     Allan L. Schmalenberger, S.J.

[¶27] The Honorable Daniel D. Narum, D.J., and the Honorable Allan L. Schmalenberger, S.J., sitting in place of Crothers, J., and McEvers, J., disqualified.